FILED

AUG 2 5 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ALBERTO PEREZ-VERDUGO,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No.: 3:19-cv-01245-BEN
Related Case: 3:13-cr-00528-BEN-1

**ORDER DENYING:**

**(1) MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND**

**(2) MOTION TO REDUCE HIS SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)**

**[Case No. 3:19-cv-01245-BEN: ECF No. 1]**
**[Related Case No. 3:13-cr-00528-BEN: ECF Nos. 69, 72]**

## I.   INTRODUCTION

Petitioner ALBERTO PEREZ-VERDUGO ("Petition") proceeding *pro se*, filed a (1) motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255

---

[1]   In reviewing Movant's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

-1-

1  ("Section 2255"), ECF No. 72[2]; CV ECF No. 1, and (2) motion to reduce his sentence

2  pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"), ECF No. 69.  For the reasons

3  discussed below, the Court **DENIES** both motions.

4  **II.    BACKGROUND**

5        A.    <u>Statement of Facts</u>

6        In December 2012, based on a tip from a confidential source ("CS"), Drug

7  Enforcement Administration ("DEA") agents and members of the San Diego County

8  Integrated Narcotics Task Force ("NTF") began surveillance at a specific Starbucks coffee

9  shop in San Diego, California, in anticipation of the arrival of a drug courier, later identified

10  as Petitioner, from Los Angeles, California, who was to deliver methamphetamine to a

11  DEA CS.  PSR at 3.

12        On December 5, 2012, at 3:06 p.m., the DEA and NTF observed Petitioner stop in

13  the Starbucks parking lot driving an F-150 pickup truck registered to a third party in Los

14  Angeles.  PSR at 3.  Once parked, two CSs approached the Ford and began a conversation

15  with Petitioner.  *Id.*  He exited the vehicle and continued to speak with one CS.  *Id.*  After

16  a brief conversation, the CSs walked away and entered their own vehicle while Petitioner

17  returned to his truck.  *Id.*  DEA agents followed both vehicles as they traveled on U.S.

18  Interstate 15 North.  *Id.*

19        Based on the Ford's speed and tinted windows, a California Highway Patrol

20  ("CHP") officer conducted a traffic stop of Petitioner.  PSR at 3.  A search of the Ford

21  truck revealed 22 individually wrapped packages of drugs contained inside a large

22  cardboard box in the truck bed.  *Id.*  A DEA laboratory analysis determined that the net

23  weight of the methamphetamine was 21.38 kilograms with 99.4% purity resulted in 21.25

24  kilograms of methamphetamine (actual).  *Id.*

25

26  [2]    All ECF-No. references are to the criminal case, 3:13-cr-00528-BEN-1, unless

27  otherwise noted.  Any docket citations in this civil case will be referred to as "CV ECF
   No."  Further, unless otherwise indicated, all page number references are to the ECF-

28  generated page number contained in the header of each ECF-filed document.

3:19-cv-01245-BEN

### B.   Procedural History

On February 13, 2013, a grand jury issued an indictment against Petitioner, charging him with conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846.  ECF No. 1.  On August 5, 2013, Petitioner failed to appear for his Trial Setting Conference, ECF No. 24, and the Court issued a warrant for his warrant, ECF No. 26.  On August 13, 2020, the Court also ordered that Petitioner forfeit his bail.  ECF No. 28.  On December 20, 2016, Petitioner was arrested and taken back into custody.  ECF No. 34.

On February 3, 2017, Petitioner waived his right to prosecution by indictment and consented to prosecution by information.  ECF No. 41.  That same day, a one-count superseding information was filed in the Southern District of California, charging Petitioner with conspiracy to distribute methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and 846.  ECF No. 40.

On February 3, 2017, Petitioner entered a guilty plea.  ECF. No 44.  That same day, he also signed a written plea agreement (the "Plea Agreement"), pursuant to which the parties agreed to jointly recommend Petitioner's sentencing be based on the following U.S. Sentencing Guidelines Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG 2D1.1] | 38 |
| 2. | Safety Valve [USSG § 2D1.1(b)(17) and 5C1.2] | -2 |
| 3. | Obstruction of Justice [USSG § 3C1.1] | +2 |
| 4. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |
| Adjusted Offense Level: | | 35 |

ECF. No. 45 at 8.

On March 27, 2017, prior to sentencing, a Pre-Sentence Investigation Report ("PSR") was prepared by the Probation Department, indicating Petitioner had a criminal history category of "IV", a *base* offense level of 38 and a total offense level of 40.  ECF No. 49 at 9, 14.  The advisory guideline range was 360 months to life; however, the maximum statutory sentence was 240 months, resulting in a guideline range of 240 months.

1   ECF No. 49 at 9, 14.  Probation recommended a sentence of 180 months pursuant to 18

2   U.S.C. § 3553(a).  *Id.* at 17.  On June 20, 2017, the Government filed its Sentencing

3   Summary Chart, in which it concurred with Probation's calculation of the *base* offense

4   level and guideline range but recommended a sentence of 240 months.  ECF. No. 53 at 2.

5   On July 31, 2017, Petitioner filed his own Sentencing Memorandum, in which defense

6   counsel proffered a 60-month sentencing recommendation.  *See* ECF. No. 56.

7         On August 7, 2017, the Court held a sentencing hearing and discussed the fact that

8   Petitioner had "a base offense level of 38 reduced by three levels" to 35 with "seven

9   criminal history points, which puts him in a Criminal History Category IV."  Sentencing

10  Hearing Transcript, ECF. No. 65 at 5:16-21.  After considering the 3553(a) factors, the

11  Court varied down to 180 months.  *Id.* at 5:24-6:2.

12        On June 8, 2018, Petitioner filed a Motion to Modify His Sentence pursuant to

13  Section 3582(c)(2) and the new guideline amendment 782 to the United States Sentencing

14  Guidelines.  ECF No. 69.

15        On July 5, 2019, Petitioner also filed the instant Motion *pro se*, seeking a reduction

16  of his sentence pursuant to Section 2255.  ECF No. 72; *see also* CV ECF No. 1.  However,

17  on December 4, 2019, Petitioner filed a Motion to Withdraw His Motion, acknowledging

18  that by doing so, his civil case would be dismissed *with prejudice*.  ECF No. 83 at 1.  He

19  advises that he "intends to seek his transfer to Mexico pursuant to the US/Mexico Prisoner

20  Transfer Treaty so that he can be visited by his ailing father in Mexico, and understands

21  that while this writ is pending, he is precluded from transfer to Mexico under the treaty."

22  ECF No. 83 at 2:3-8.

23        Because Petitioner has withdrawn his Motion pursuant to Section 2255, the Court

24  addresses only his remaining motion brought pursuant to Section 3582(c)(2).

25  **III.   LEGAL STANDARD**

26        Generally, a "court may not modify a term of imprisonment once it has been

27  imposed."  28 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010)

28  (quoting 18 U.S.C. § 3582(c)); *United States v. Keller*, No. 20-50247, ---F.4th---, 2021 WL

1  2695129, at *2 (9th Cir. July 1, 2021).  However, an exception allows courts to do so where
2  the Court sentenced the defendant "based on a sentencing range that has subsequently been
3  lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," where either the
4  defendant, or the Director of the Bureau of Prisons, moves for a reduction.  18 U.S.C. §
5  3582(c)(1) (2018); *see also United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015)
6  (noting that "in an 'act of lenity,' Congress has crafted a limited exception for prisoners
7  who were sentenced based on Guidelines that have since been amended downward").

8       The Supreme Court has clarified that motions to reduce a sentence pursuant to
9  Section 3582(c)(2) involve a two-step inquiry. *Dillon*, 560 U.S. at 826.  First, district courts
10  should consider whether a reduction is consistent with the applicable policy statements
11  issued by the Sentencing Commission in the United States Sentencing Guidelines Manual
12  § 1B1.10. *See id.*; *see also United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th
13  Cir. 2019), *cert. denied,* 140 S. Ct. 879 (2020).  "The policy statement applicable to §
14  3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10,
15  authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect
16  of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §
17  1B1.10(a)(2)(B)).   To apply this policy statement, a court determines whether the
18  Guidelines range is lowered by calculating the amended Guidelines range that would have
19  been applicable to the defendant if the relevant Guidelines had been in effect at the time
20  the defendant was sentenced.  *Id.*  However, that determination is not the end of the
21  eligibility inquiry.  "Another provision of the policy statement—the one of principal
22  relevance here—generally prohibits sentence reduction if the original term of
23  imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing §
24  1B1.10(b)(2)(A)).

25       Second, courts consider "whether the authorized reduction is warranted, either in
26  whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.
27  Those factors require courts to consider the (1) "nature and circumstances of the offense
28  and the history and characteristics of the defendant"; (2) "need for the sentence imposed";

-5-

1   (3) "kinds of sentences available"; (4) "kinds of sentences and the sentencing range

2   established"; (5) "pertinent policy statement"; (6) "need to avoid unwarranted sentence

3   disparities among defendants with similar records who have been found guilty of similar

4   conduct"; and (7) "need to provide restitution to any victims."  18 U.S.C. 3553(a).

5   **IV.   DISCUSSION**

6        Petitioner moves for a reduction in sentence under Section 3582(c), arguing that

7   amendment 782 to the Sentencing Guidelines warrants a modification of his sentence.  He

8   argues that "[o]n November 1, 2014[,] the United States Sentencing Commission passed

9   Amendment 782 to the United States Sentencing Guidelines and reduced some offenses[

10  ]by two levels."  ECF No. 69 at 1.  He contends "this amendment had an effect on the

11  sentence imposed by this Court in this case, and therefore[,] moves this Court to reduce

12  and amend the sentence imposed on this case."  *Id.*

13       Amendment 782 to the United States Sentencing Guidelines "increased the quantity

14  of actual methamphetamine that triggers a base offense level of 38—from 1.5 kilograms to

15  4.5 kilograms."  *United States v. Valdez*, No. CR 08-00694 SBA, 2020 WL 922759, at *2

16  (N.D. Cal. Feb. 26, 2020); *see also United States v. Spears*, 824 F.3d 908, 917 (9th Cir.

17  2016) ("Amendment 782 further raised the crack cocaine quantity thresholds in the drug

18  quantity table."); *compare* U.S.S.G. § 2D1.1(c) (2012), *with* U.S.S.G. § 2D1.1(c) (2014).

19       Here, Petitioner pled guilty to possessing 21.25 kilograms of methamphetamine

20  (actual).  PSR at 3, ¶ 7.  Thus, "[a]lthough Amendment 782 increased the quantity of actual

21  methamphetamine that triggers a base offense level of 38—from 1.5 kilograms to 4.5

22  kilograms—the quantity possessed by Defendant still *far exceeds* that threshold."  *United*

23  *States v. Valdez*, No. CR 08-00694 SBA, 2020 WL 922759, at *2 (N.D. Cal. Feb. 26, 2020)

24  (denying the defendant's motion to reduce his sentence pursuant to Section 3582 because

25  "Amendment 782 is of no benefit to Defendant" where "Defendant possessed 60 kilograms

26  of actual (pure) methamphetamine").  Accordingly, "Defendant's base offense level and

27  resulting guideline range therefore remain the same, rendering him ineligible for a sentence

28  reduction under section 3582(c)(2)."  *Id.* (citing *United States v. Mercado-Moreno*, 869

F.3d 942, 953 (9th Cir. 2017) (holding that, if a defendant is responsible for 4.5 kilograms or more of actual methamphetamine, "he still receives the maximum base offense level and Amendment 782 does not alter his sentencing range—thus precluding him from a reduction under § 3582(c)(2)").

Thus, because 21.25 kilograms still exceeded the level triggering a base offense level of 38, Amendment 782 had no effect on Petitioner's sentence. *See, e.g., See, e.g., United States v. Guerrero*, No. 07-CR-676-BEN, 2020 WL 2556378, at *1 (S.D. Cal. May 20, 2020) (denying a similar motion for a sentence reduction pursuant to Section 3582(c)(2) based on the 782 amendment where the defendant had been convicted of possessing 8.682 kilograms of methamphetamine (actual) and sentenced to 240 months to life based on a base offense level of 38; the amended guidelines had no change on his base level given the actual sentence was far below a two level reduction of the low-end of the guidelines range). If the base offense level is reduced two levels, the total offense level of 38 would still yield an advisory guideline range of 324 to 405 months. Defendant was sentenced to 180 months, far below the low-end of the Guideline range as calculated.

Therefore, Defendant's Motion for Reduction in Sentence Pursuant to Section 3582(c)(2) is **DENIED**.

## V.   CONCLUSION

For the above reasons, the Court orders as follows:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Section 2255 is **DENIED** as moot given his request to withdraw the filing.

2.    Petitioner's Motion to Modify His Sentence pursuant to 18 U.S.C. § 3582(c)(2) and the new guideline amendment 782 to the United States Sentencing Guidelines is **DENIED**. ECF No. 69.

**IT IS SO ORDERED.**

DATED:    August 24, 2021

HON. ROGER T. BENITEZ
United States District Judge

-7-